IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARCAIR, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:07cv77 |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO AMEND CAPTION

Now before the Court is the United States' Motion to Amend Caption (Dkt. 12).  On July 6, 2007, the Court held an evidentiary hearing to determine whether the United States should be substituted as a party defendant.  After considering the evidence presented, the Court is of the opinion that the motion should be granted.

### Background

Plaintiff Marcair, Inc. filed suit against Willis Henry Power in the 211st Judicial District Court of Denton County, alleging Power had damaged one of its airplanes.  Power and the United States then removed this case claiming that Power was an employee of the Federal Aviation Administration ("FAA") who, under the Westfall Act, was immune from individual liability and could only be sued under the exclusive remedies provided in the Federal Torts Claims Act.  Along with its removal, the United States provided a Certification of Employment from the U.S. Department of Justice to certify that Power was acting as an FAA employee at the time of the events alleged (Dkt. 1).  The United States now seeks a ruling from this Court substituting it as the proper

1

defendant. Plaintiff has challenged the substitution of the United States, claiming that Power was not acting in the course and scope of his employment and therefore is not immune from individual liability.

**Standard**

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), the Government may remove a case and may substitute itself as a party in place of a federal employee who committed a tort while acting within the scope of his employment. 28 U.S.C. § 2679(d)(1) & (2). For purposes of removal, a certification of federal employment by the Attorney General or his designee conclusively establishes that the employee was acting within the scope of his employment. 28 U.S.C. § 2679(d)(2); *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432, 115 S. Ct. 2227, 2235, 132 L. Ed.2d 375 (1995). For purposes of substitution of the government as a party, however, the certification is subject to judicial review. *Id.* at 434-37, 115 S. Ct. at 2236-37.

Marcair has the burden to show that Power was not acting within the scope of his federal employment when he allegedly damaged its plane. A plaintiff challenging the Government's certification has the burden of proving that the employee's conduct was not within the scope of his employment. *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003) (citing *Williams v. United States,* 71 F.3d 502, 506 (5th Cir. 1995)).

The Court must apply Texas law to determine whether Power was acting within the scope of his federal employment. In reviewing the certification, federal courts must apply the law of the state in which the tortious act occurred. *Garcia v. United States,* 62 F.3d 126, 127 (5th Cir. 1995).

Here, Marcair alleges damages during, or as a result of, a flight from Roanoke, Texas to Krum, Texas. Therefore, Texas law applies. In Texas, an employee's conduct will fall within the scope of his employment if his actions were:

>   (1) within the general authority given him;
>
>   (2) in furtherance of the employer's business; and
>
>   (3) for the accomplishment of the object for which the employee was employed.

*Williams*, 71 F.3d at 506 (citing *Mata v. Andrews Transport, Inc.*, 900 S.W.2d 363, 366 (Tex. App.-Houston [14th Dist.] 1995, no writ)); *see also Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972). Marcair must show why these elements do not apply to Power's actions here.

**Analysis**

The Court finds that Marcair has not shown that Power, in renting the subject aircraft, was not acting within the general authority given him by the FAA, was not acting in furtherance of the FAA's business, and was not acting for the accomplishment of the duties for which Power was employed by the FAA. At the hearing, Defendant Willis Power and his supervisor at the FAA, Robert Kay, offered testimony. The testimony and documentary evidence presented support the United States' position that Power was acting within the course and scope of his employment when the subject airplane was damaged.

First, it is undisputed that Power was an employee of the FAA on September 7, 2006, the date of the accident forming the basis of Plaintiff's claims. Both witnesses testified that one of Power's job requirements as an FAA employee was to maintain currency in aircraft. By maintaining currency, Power was allowed to accomplish the goals and objectives of the FAA. It was FAA's

3

regular course of business to have its personnel maintain their currency through renting private aircraft.

As to the date in question, September 7, 2006, the evidence indicates that Power rented a tail wheel aircraft from Plaintiff. Power had signed a rental agreement some years previous to that date (Exhibit 1), but it is not clear, from the evidence presented, whether this agreement covered his rental of the subject aircraft on that date. Nonetheless, the evidence showed that Power did not rent the aircraft for personal reasons on September 7, 2006, but solely to satisfy the requirement of his job with the FAA. The FAA authorized and paid for Power's currency training on Plaintiff's aircraft, as evidenced by the completed Form 4040.6, presented at the hearing (Exhibit 2).

Additionally, Plaintiff knew that Power was renting the aircraft to accomplish his currency rating as an FAA employee. Power testified that he informed Plaintiff that he was renting the aircraft to accomplish his currency rating. Moreover, Plaintiff issued and sent the rental bill to the FAA at the FAA address in care of Power (Exhibit 2). The initial correspondence from Plaintiff regarding the damages to the aircraft were similarly addressed to Power at the FAA (Exhibit 4), and Plaintiff even sent a letter to various elected officials seeking to hold the FAA responsible for the damages done to its plane during Power's currency training (Exhibit 5).

## Conclusion

As indicated by the evidence presented, Plaintiff's aircraft was damaged when Power was acting within the course and scope of his employment with the FAA, an agency of the United States Government. As such, the United States, not Power, is the proper defendant in this suit, and it should be substituted accordingly.

The Court, in granting the United States' Motion to Amend Caption, orders that the caption in this cause be amended to reflect the proper party defendant and directs the Clerk of the Court to make this change in the record such that the United States of America is listed as the sole defendant.

**SO ORDERED.**

**SIGNED this 11th day of July, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE